IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CEDRIC MITCHELL | § | |
| v. | § | CIVIL ACTION NO. 5:21cv128 |
| CHAD FORD | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Cedric Mitchell, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is Detective Chad Ford.

**I. Background**

This is the second lawsuit Plaintiff has filed against Detective Ford raising the same claim. He asserts that he was falsely imprisoned by Ford and two Arkansas law enforcement officials named Tobias Arriola and Russell Ussery. Both of the lawsuits were filed in the Western District of Arkansas, and the claims against Ford were severed and transferred to the Eastern District of Texas.

Plaintiff's prior lawsuit was styled *Mitchell v. Ford*, civil action no. 5:20cv177. On June 30, 2022, this Court dismissed the lawsuit for failure to state a claim upon which relief may be granted and failure to prosecute. The Court stated that the sole claim set out against Ford in the lawsuit was that "he worked with Ussery with information," concluding that this single conclusory statement, lacking any factual context, was not sufficient to state a claim upon which relief may be granted. In addition, Plaintiff failed to contact the Court for an extended period of time, thus failing to prosecute his case.

In the present lawsuit, Plaintiff asserts he was held in jail between January and October of 2019 on charges for which he was not guilty. After discussing his arrest and detention in Arkansas, Plaintiff states as follows:

> Upon my arrival to Texarkana Texas, Detective Harris interrogated me and saw my videos on September 19, 2019, and dropped his charges immediately, in which his charges was basis to the investigation [sic]. Det[ective] Ford held me for another month and a half when his pictures served no basis, because it was Harris' pictures that Ms. Fotso stated that she falsely recognized me in. And Detective Harris his charges upon sight of my video the same could have happened on February 19, 2019 upon my arrival to Fort Smith Arkansas if Detective Tobias Arriola would have interrogated me and not considered me guilty on hearsay statements.
>
> This negligent investigation on behalf of these officers losing the video of the crimes and not getting written statements from the witnesses or recording the phone call that was the basis of the warrant for my arrest is considered a breach of duty. That's why I'm bringing forward these allegations of false imprisonment, defamation of character, profiling, freedom of conviction and confinement [sic] and breach of duty. All in consideration of my 4th, 5th, 6th, 8th, and 14th amendment of the Constitution of the United States of America, freedom of confinement [sic], search and seizure, due process and freedom of information, right to fair trial.

This is the only specific claim set out against Detective Ford.

The Defendant has filed a motion to dismiss arguing that the limitations period has expired. However, this is not entirely clear - it is virtually impossible to discern from the complaint when the claim against Detective Ford arose. The motion to dismiss assumes that the claim arose in January of 2019, upon Plaintiff's initial detention, but Plaintiff's pleadings appear to indicate that the claim arose some time in or after September of 2019, as set out below.

**II. Discussion**

Plaintiff's current address is unknown, and the website of the Arkansas Department of Corrections lists him as an absconder. *See* https://www.ark.org/dcc/absconder/index.php/search/detail/0217417. His last known address is the Garland County Detention Center in Hot Springs, Arkansas, but the on-line roster of the detention center does not list him as a current inmate there. *See* https://www.garlandcounty.org/451/Adult-Detention-Center. His prior lawsuit in this Court as well as a lawsuit filed in the Western District of Arkansas were dismissed for failure to prosecute in that Plaintiff did not keep the courts apprised of his address. *See Mitchell v. McCormick, et al.*,

civil action no. 6:21cv6031 (W.D.Ark., dismissed without prejudice for failure to prosecute December 16, 2021).  As with those cases, the present lawsuit may be dismissed without prejudice for failure to prosecute.

In addition, Plaintiff has failed to state a claim upon which relief may be granted.  28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level.  *Montoya v. FedEx Ground Packaging System Inc.,* 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a

suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

Plaintiff's pleadings consist of little more than an unadorned the-defendant-unlawfully-harmed-me accusation. The bare statement that "Detective Ford held me for another month and a half when his pictures served no basis, because it was Harris' pictures that Ms. Fotso stated that she falsely recognized me in" is wholly conclusory and simply creates a suspicion of liability, but fails to raise the right to relief above a speculative level. As such, Plaintiff has failed to state a claim upon which relief may be granted against Detective Ford, and his lawsuit may be dismissed without prejudice on this basis as well.

In the interest of justice, the statute of limitations should be suspended for a period of 60 days following the date of entry of the order of dismissal, *see Daniels v. Texarkana Texas PD*, civil action no. 5:19cv162, 2022 U.S. Dist. LEXIS 106975, 2022 WL 2163019 (E.D.Tex., March 21, 2022, *Report adopted at* 2022 U.S. Dist. LEXIS 106945, 2022 WL 2161024 (E.D.Tex., June 15, 2022), *citing Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *and Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992); however, this suspension would not affect

the limitations period with regard to any claims which were already barred by limitations at the time the lawsuit was filed.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to prosecute and failure to state a claim upon which relief may be granted. It is further recommended that the statute of limitations be suspended for a period of 60 days following the entry of final judgment, with such suspension not affecting any claims upon which limitations had already expired at the time the lawsuit was filed. Finally, it is recommended that the Defendant's motion to dismiss be denied as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 21st day of July, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE